# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2258 | **DATE** | 8/19/2002 |
| **CASE TITLE** | Max Starr vs. Martin Levin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 6/12/2003 at 10:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Levin's motion to stay these proceedings pending resolution of parallel proceedings in the Florida state court (5-1) is granted. We hereby stay these proceedings pursuant to the Colorado River abstention doctrine pending the completion of the Nassau County proceeding. Defendant's motion to transfer is taken under advisement and its ruling is also stayed. At the 6/12/03 status hearing, parties to inform the court as to the status of the Nassau County proceeding.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 21 2002 date docketed | 21 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/19/2002 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAX STARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 02 C 2258 |
| | ) | |
| MARTIN LEVIN, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
AUG 2 1 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Senior Judge:

Plaintiff Max Starr has filed a three count complaint against Defendant Martin Levin alleging fraud, breach of fiduciary duty, and breach of contract in relation to a real property investment in Nassau County, Florida. Starr has also filed a related suit in Nassau County. Given the existence of the Florida suit, Levin has filed a motion to dismiss or stay pursuant to the *Colorado River* abstention doctrine or, in the alternative, to transfer venue to the Middle District of Florida. For the following reasons, we grant Levin's motion to stay these proceedings pending resolution of parallel proceedings in the Florida state court.

## BACKGROUND

The following facts are taken from Plaintiff's complaint and are assumed to be true for purposes of this motion. Starr and Levin own and operate Group 12, L.L.C. ("Group 12"), a Delaware limited liability company, and, in its name, purchased all of the outstanding capital stock of Native Woodland Properties, Inc. ("Native Woodland"), a Florida corporation. Native Woodland owns 950 acres of land in Nassau County, Florida, known as Oyster Bay Property ("Oyster Bay"), which Starr and Levin intended to develop, improve and sell for their mutual benefit.

1

21

Count One alleges fraudulent conduct by Levin and corresponding injury to Starr. From December 1998, Levin allegedly made several fraudulent statements to Starr to induce Starr's further investment in Group 12. These statements include Levin's unfulfilled promise to contribute equally to Group 12's business ventures, Levin's false representations that he had contributed the assets of a Russian lumber mill and Swiss bank account to Group 12, Levin's false representation that mortgages encumbering Oyster Bay totaled less than one million dollars when they actually totaled in excess of six million dollars, and Levin's false representation that the Oyster Bay mortgages had been "taken care of" and paid, thereafter causing Starr to suffer a foreclosure action for an amount in excess of seven million dollars.

Count Two of the instant complaint alleges Levin's breach of fiduciary duty. It alleges Levin's making of the fraudulent statements recited above, Levin's failure to deliver (and destruction of) original accounting documents to Starr, Levin's refusal or failure to cause numerous corporations to issue stock to Starr where Starr was supposed to own 50% of those corporations, Levin's inappropriate moving of assets between various other corporate entities in order to hide those assets from Starr, Levin's repeated issuance of bad checks on behalf of Group 12, and Levin's gross mismanagement of Group 12 and Native Woodland.

Count Three of the instant complaint alleges breach of contract – specifically, that Levin and Starr each promised to provide equal amounts of capital to Group 12, but Levin contributed far less than the required amount.

As the basis for his motion to stay, Defendant Levin cites to the existence of a concurrent action pending in the Florida state court.[1] On March 8, 2002 (three weeks prior to the instant action),

---

[1] Two days after filing the instant complaint, Starr filed another complaint in the state court in Charlevoix County, Michigan. The Charlevoix County complaint is against Aerospace, Inc. (one of the corporations to which Levin has allegedly transferred funds), and alleges many of the same allegations (with large swaths actually written word for word) as the instant complaint. Because our

Starr filed a derivative suit on behalf of Group 12 and Native Woodland in Nassau County, Florida, naming, as defendants, Levin, Maralyn Levin, Ronnie Hankins, Autospace, Inc., Aerospace Corp., Inc., Nantomics Science Corp, Inc., System Site Homes, Inc., Timberlore A.G., Timberlore, Ltd., Ontos, LLC, Group 12 Forest Products, Inc., and Group 12 Trading & Development Corporation. All of the corporate defendants are owned solely by Levin, or owned in conjunction with Starr.

The Nassau County complaint has three counts: breach of fiduciary duty, accounting, and constructive trust. The breach of fiduciary duty count includes allegations against Levin including: transfer of assets for no consideration; diversion of funds of Group 12, Group 12 Advertising, and Native Woodlands to Aerospace Corp., Mrs. Levin, and Ms. Hankins; refusal to divulge the performance of an investment made by Group 12 into a limited partnership that owns a brokerage firm in New York; failure to communicate with counsel; failure to produce documents and information with regard to actions brought against Levin and Starr in their capacity as owners and shareholders of Native Woodland; refusal to account for the activities, assets, and funds of Nantomic Science, Nantomics Science, Timberlore A.G. and Timberlore, Ltd.; refusal to divulge the location of securities purchased with Group 12 funds; inappropriately purchasing a boat and two cars for personal use with Group 12 or Group 12 Advertising funds; instructing the accountants of Group 12 and Group 12 Advertising to not divulge financial information to Starr and to improperly classify receipts and expenditures; hiding original accounting documents; and misrepresenting the amount of encumbrance due on Oyster Bay Property.

Count Two of the Nassau County complaint is one for accounting, alleges the actions described above, and asks for Levin to account for all funds and property of Group 12, Group 12 Advertising and Native Woodlands and affiliates, in whatever form they may be found.

---

decision to stay is based solely upon the pending action in Nassau County, however, we need not further examine the pending Michigan action.

Count Three of the Nassau County complaint requests that the court impose a constructive trust on Levin for the benefit of Group 12, Group 12 Advertising and/or Native Woodland, on any funds and property held by any Defendant or any entity owned or controlled by any Defendant. Count Four of the Nassau County complaint requests an alternative, but similar, constructive trust as Count Three.

The action in Nassau County, Florida has progressed to discovery but, as of July 10, 2002, was delayed due to withdrawal by Levin's counsel. Pla. Brief Ex. A. The action is set to resume discovery as soon as Levin finds replacement counsel.

## ANALYSIS

A district court may stay an action when there is a concurrent, parallel state or federal proceeding. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, the surrender of jurisdiction is only warranted in "exceptional circumstances" where the decision to stay an action subject to the pendency of a concurrent action is a matter of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Id.* Thus, a district court must determine whether exceptional circumstances exist to justify a surrender of federal jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-6 (1983).

A two-part test exists for determining whether a federal district court should abstain from adjudicating a claim when there is a related state court proceeding. *Admin. Comm. v. Gauf*, 188 F.3d 767, 772 (7th Cir. 1999). First, the suits must be parallel in that "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). This does not mean that the parties and issues must be identical. *AAR Int'l Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 518 (7th

4

Cir. 2001). Indeed, the mere presence of additional issues or parties does not preclude a finding that the suits are parallel. *Id.*

Here, Starr argues that the suits are not parallel because they do not seek the same relief, and because the Nassau County case involves breach of fiduciary duty to Starr through AeroSpace, Inc. (AeroSpace) and through transfers of property to Mrs. Levin and Ms. Hankins, which are not remedies sought in the instant case. His argument, however, is without merit. First, the suits are parallel in that they both seek damages to be awarded to Starr, even if, as in the Nassau County case, those damages are on behalf of the corporations he wholly owns (or owns in conjunction with Levin). The Nassau County case also seeks various equitable remedies in the form of accounting and constructive trust. However, Starr's request for additional remedies in the other forum, by itself, does not convince us that the suits are not parallel. The dispositive issue is whether substantially the same parties are litigating substantially the same issues. *Caminit & Iatarola*, 968 F.2d at 762. Levin is named Defendant in this case and the Florida case. Def. Brief, Ex. A-C. The complaints contain essentially the same factual allegations, as evidenced by the above recitation of the facts. Common to both complaints are a breach of fiduciary duty and allegations of fraud on the part of Levin. At the heart of the complaints is a challenge to the behavior and activities of Levin in his business dealings with Starr revolving around Oyster Bay and the Group 12 companies. These cases involve substantially the same parties litigating substantially the same issues; the mere involvement of additional parties or additional (ultimately related) claims, does not cause this case to veer from its parallel nature.

Starr also argues that the suits are not parallel because he brought the Florida case in his capacity as a shareholder, not as an individual plaintiff. Starr argues that the corporation is the real party in interest and the shareholder is only a nominal plaintiff. This fact is not enough to convince us that this suit is not parallel. It is true that normally the plaintiff in a shareholder derivative suit is

5

merely a "nominal plaintiff." *See, e.g., Kaplus v. First Contin'l Corp.*, 711 So. 2d 108 (Fla. App. 3d Dist. 1998). However, in this case, since Starr owns and operates the corporations in conjunction with Levin, and brings both of these actions for the restoration of his financial dealings and business reputation, any damages or equitable remedies given will be within his control.

Again, the heart of Starr's allegations, whether brought by him, or on behalf of his companies, contain a challenge to Levin's behavior in his business dealings with Starr. The important parties in both cases are Starr and Levin. Bringing suit on behalf of corporations owned by Starr and Levin, or suing corporations solely owned by Levin cannot disguise the fact that Starr and Levin remain, ultimately, the primary adverse parties.

Since we find that the suits are parallel, we turn to the second part of the *Colorado River* test which requires us to balance ten factors to determine whether or not exceptional circumstances exist to justify a surrender of jurisdiction. *LaDuke v. Burlington N.R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989). These factors are: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Id.* No single factor is determinative and they are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.*

In the instant case, the parties do not dispute factors nine and ten: removal is not available and the federal claim does not appear to be vexatious or contrived. Accordingly, we address only the relevant remaining factors.

The first factor is whether the state has assumed jurisdiction over property. The parties agree that the Florida suit involves an interest in real property. However, Starr maintains that Levin owns none of the property and, therefore, that no state has assumed jurisdiction over the property of Levin. Notwithstanding Starr's contentions, the fact remains that Florida has assumed jurisdiction over the property at issue in Nassau County and that Levin is a named defendant in the suit. Thus, since Florida has assumed jurisdiction over the property at issue, this factor weighs in favor of granting a stay.

The next factor is the inconvenience of the federal forum. Starr is an Illinois resident while Levin is a Michigan resident. Starr filed the action in Nassau County, Florida because "a key defendant" is a Florida corporation with no known business outside the state of Florida. Plaintiff's Resp. at 6. Levin is already subject to the jurisdiction of state courts in Michigan and Florida. Because Starr is actively pursuing his case in Florida, we see minor inconvenience for Starr to continue to prosecute that case while this court abstains. *See LaDuke*, 879 F.2d at 1561. By contrast, Levin, already defending actions in two states, will be forced to defend in three states if the instant stay is not granted. Thus, we find the inconvenience of the federal forum factor to be a burden on Levin, and thus a factor in favor of granting a stay.

Of all the *Colorado River* factors, the desirability of avoiding piecemeal litigation weighs most heavily in favor of a stay in the present case. Concern with this factor should focus on avoiding "duplicative and wasteful litigation with the potential of inconsistent resolutions of the issue." *Caminiti & Itarola*, 962 F.2d at 701. Levin and Starr are involved in at least three cases having substantially the same parties and involving substantially the same issues. We will not take the chance that our rulings will be inconsistent with that of the Nassau County court. The integrity and authority of the judicial process must be preserved against inconsistent decisions and obligations on the parties. Thus, the likelihood of piecemeal litigation weighs in favor of a stay.

7

The next relevant factor is the order in which jurisdiction was obtained. The Nassau County court obtained jurisdiction first. Michigan obtained jurisdiction shortly after this court. However, the Supreme Court maintains that "priority should not be measured exclusively by which complaint was filed first but rather in terms of how much progress has been made" in each case. *Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 21 (1983). In the instant analysis, the Florida case has already proceeded to discovery while the instant case is still in a relatively inchoate stage. Even though the Nassau County case is presently delayed by the withdrawal of Levin's counsel, it has still proceeded to discovery and an order has been issued. Thus, the Nassau County court has proceeded further, and as such, this factor weighs in favor of a stay.

The parties agree that the source of governing law for all claims of fraud, breach of contract, and breach of fiduciary duty under both complaints is state, as opposed to federal, law. As such, this factor weighs in favor of a stay.

The question of the adequacy of the state court action to protect the federal plaintiff's rights is the only factor that weighs against a stay. Starr argues that the state court actions cannot provide him with the remedy of damages he seeks in this case because the Michigan case was not filed against Mr. Levin and the Florida case was filed on behalf of Starr's corporations. As evidenced by the recitation of the facts above, these cases all include Starr as Plaintiff and Levin as Defendant. While Starr seeks damages in both cases, however, he seeks additional remedies in the instant case that are not sought in the Nassau County case. Thus, this factor weighs against a stay. Yet, Starr's rights are not permanently prejudiced. If, after the Nassau County case is resolved, Starr remains convinced he has not been restored to financial well-being, he may continue to pursue this case at that time (subject, of course, to applicable principles of res judicata and collateral estoppel). Thus, while this factor tends to weigh against granting a stay, we do not think it sufficient to outweigh all the other relevant considerations.

The final relevant factor is the relative progress of the state and federal proceedings. The Nassau County action has proceeded to discovery, while the instant federal action has not yet progress to the answer stage. Starr argues that the discovery phases in the state actions are being delayed by Levin. However, we have no reason to believe that the state courts cannot adequately deal with any delay tactics used by Levin. The progress of the state court in its action weighs in favor of a stay.

Upon balancing the *Colorado River* factors, we are convinced that abstention is the appropriate course of action and that exceptional circumstances have been demonstrated. This case will recommence upon the written motion of any party at the conclusion of the Nassau County proceedings.

## CONCLUSION

For the reasons above, we hereby stay these proceedings pursuant to the *Colorado River* abstention doctrine pending the completion of the Nassau County proceeding. Defendant's motion to transfer is taken under advisement and its ruling is also stayed. A status hearing is set for June 12, 2003, at 10:30 am, for the parties to inform the court as to the status of the Nassau County proceeding.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 8/19/02