Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2258 | **DATE** | 11/25/2002 |
| **CASE TITLE** | Max Starr vs. Martin Levin | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We deny both plaintiff's motion to lift stay (22-1) and motion for reconsideration (23-1).
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | NOV 26 2002 date docketed | 25 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK 02 NOV 26 AM 8:11 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 11/25/2002 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MAX STARR, )
)
    Plaintiff, )
)
v. ) No. 02 C 2258
)
MARTIN LEVIN, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Max Starr ("Starr") has brought a three count complaint against Defendant Martin Levin alleging fraud, breach of fiduciary duty, and breach of contract in relation to a real property investment in Nassau County, Florida. Starr has also filed a related suit in Nassau County. On August 19, 2002, this Court applied the *Colorado River* abstention doctrine to stay the instant action pending resolution of Starr's Florida case.[1] Starr has brought a Motion for Reconsideration of that order and a Motion to Lift the Stay. For the following reasons we deny both Starr's Motion for Reconsideration and Motion to Lift Stay.[2]

**Analysis**

---

[1] Our August 19, 2002 opinion and order has a lengthy discussion of facts relevant to this case. We will not repeat them here.

[2] On August 20, 2002 Levin's counsel withdrew. There is currently no counsel of record for Levin, and Levin has failed to file a brief on this issue in accordance with the briefing schedule set by this Court.

-1-



## Starr's Motion for Reconsideration

Starr asks us to reconsider our August 19, 2002 order staying these proceedings pursuant to the *Colorado River* abstention doctrine. In his Memorandum in Support, Starr takes issue with Court's application of substantive law. Starr argues that, contrary to our opinion, this case and the Florida case are not "parallel" because they do not involve "substantially the same parties litigating substantially the same issues." Because Starr's motion is procedurally defective we do not reach the merits of his argument for reconsideration.

"Technically, a 'Motion to Reconsider' does not exist under the Federal Rules of Civil Procedure." *GHSC Assoc. Ltd. Partnership v. Wal-Mart Stores, Inc.*, 2002 WL 252480 (7th Cir. 2002). Rather, the FRCP provide two avenues through which litigants may seek reconsideration of orders by the district court. Any motion "challenging the merits of the district court's decision ...must fall under either Rule 59(e) or Rule 60(b)" of the FRCP. *United States of America v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Rule 59(e) allows a district court to entertain a motion to alter or amend a judgment. Pursuant to this rule, a litigant may direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact. *See Russell v. Delco Remy Division of Gen'l Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Under this rule, a court has the opportunity to correct its own errors. *Id.* There is, however, an important limitation to Rule 59(e): it must be invoked within ten days of the entry of the judgment.

"[S]ubstantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)," even if the movant has not specifically cited this rule. *Deutsch*, 981 F.2d at 301. Rule 60(b) is similar to rule 59(e) in that it enables a party to seek relief from a court's order. Under rule 60(b), however, a court may grant relief only under the

particular circumstances listed in the rule. *See Russell*, 51 F.3d at 749. Furthermore, "Rule 60(b) is...an extraordinary remedy," *Id.* (citing *McKnight v. United States Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984)), which does not allow for "general pleas for relief." *Deutsch*, 981 F.2d at 301. Nor is rule 60(b) it the "proper avenue to redress mistakes of law committed by the trial judge." *Parke-Chapley Construction Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989).

We issued our order staying this proceeding on August 19, 2002. The order was entered on August 21, 2002. To qualify under rule 59(e), Starr needed to file his motion by September 5, 2002. Starr did not file until September 18, 2002. Thus, we must evaluate Starr's motion under rule 60(b) rather than under 59(e). Starr makes no attempt to conform his motion to one of the six categories contained in 60(b), and we are unable to find a fit. "When 'substantive motions served from the eleventh day [are not]...shaped to the specific grounds for modification or reversal listed in Rule 60(b),' district court judges are under no duty to manufacture them on behalf of the movant." *Wal-Mart Stores, Inc.*, 2002 WL at *2 (citing *Deutsch*, 981 F.2d at 301) (internal citations omitted). Indeed, Starr clearly seeks review of this Court's substantive legal decision in our August 19, 2002 opinion. Such relief is unavailable to Starr under rule 60(b). We therefore deny Starr's Motion for Reconsideration.

## Motion to Lift Stay

Starr has filed a motion to lift the stay imposed by this Court in its August 19, 2002 opinion. On September 18, 2002, Starr amended his Florida complaint. Starr contends that his amended Florida complaint does not seek monetary relief and that this changed circumstance warrants the dissolution of the stay:

This court's [sic] Memorandum Opinion granting the Motion to Stay concluded that

-3-

this action was parallel to the Florida Case primarily because both cases sought monetary damages from Mr. Levin based on a common set of facts...the instant case is now the only case in which the plaintiff has an interest that is pending against Mr. Levin seeking monetary damages. Thus, this case and the Florida Case can no longer be deemed "parallel" and no grounds now exist for this court's [sic] staying the proceedings in the instant case.

Plaintiff's Motion to Stay, ¶ 3. Starr's own exhibits, however, contradict this contention. In Count II of Starr's Florida complaint Starr demands an "[a]ward of damages" against Levin and his co-defendants. Plaintiff's Amended Verified Compl. ¶ 26 (D). Starr's motion is therefore denied.

### Conclusion

For the foregoing reasons Starr's Motion to Reconsider and Motion to Lift Stay are denied. It is so ordered.

*(signature)*

MARVIN E. ASPEN
United States District Judge

Dated: 11/25/02

-4-